# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES, IBEW LOCAL UNION 716 PENSION TRUST; BOARD OF TRUSTEES, ELECTRICAL MEDICAL TRUST; BOARD OF TRUSTEES, HOUSTON ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND; AND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 716, AFL-CIO,  Plaintiffs, | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |
| v. | | |
| A. S. ELECTRIC SERVICES CORP.  Defendant. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now, Board of Trustees, Allen Grainey, Dean Henderson, Charles Melton, John Easton, Jr., Stephen Gonzales, and Mark Landrum, in their capacities as members of the IBEW Local Union 716 Pension Trust; Board of Trustees, Allen Grainey, Ross Conner, Randy Radcliffe, Stephen Gonzales, John Easton, Jr. and Calvin Brisker, in their capacities and members of the Electrical Medical Trust; Board of Trustees, John E. Easton, Jr., Mark Landrum, John Bogney, Roger Foster, Jordan Smith, and Ted Robertson, Matt Cappadonna, Dean Henderson, in their capacities as members of the Houston Electrical Joint Apprenticeship and Training Trust Fund (collectively Funds); and, International Brotherhood of Electrical Workers Local Union 716, AFL-CIO (Union), complaining of A. S. ELECTRIC SERVICES CORP. (Defendant or Company), and for cause of action would respectfully show this Court as follows:

1

## I. JURISDICTION AND VENUE

1. This action arise under the Employee Retirement Income Security act of 1974 (ERISA), as amended 29 U.S.C. § 1001, et seq. and the Labor-Management Relations Act (LMRA) as amended, 29 U.S.C. § 151, et seq.

2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 185.

## II. THE PARTIES

3. International Brotherhood of Electrical Workers Local Union No. 716 (Union) is a labor organization, within the meaning of the LMRA, existing in whole or in part for the purpose of representing employees in connection with wages, hours, and other terms and conditions of employment in negotiations with employers.

4. Boards of Trustees for the IBEW Local Union 716, Pension Trust, Electrical Medical Trust, and Houston Electrical Joint Apprenticeship and Training Trust Fund, named above, are administered by the named individuals, as the now acting Trustees, thereof, pursuant to the terms and provisions of the Agreements and Declarations of Trust pertaining thereto.  The Funds have been established pursuant to a CBA, entered into between the International Brotherhood of Electrical Workers Local Union No. 716 and the Houston Division of the Southeast Texas Chapter National Electrical Contractors Association, to which Defendant is and was bound.

5. The named individual Plaintiffs in this action are Trustees of the Funds.  The administrative offices and principal place of business of the Funds are located at 8441 Gulf Freeway, Suite 304, Houston, Texas 77017.

6. Defendant has engaged in electrical construction in Houston, Harris County, Texas, at all material times herein.  Defendant is an employer in an industry affecting commerce within the meaning of 29 U. S. C. § 152(2), (6), and (7) and 29 U. S. C. § 1002(5).  Defendant may be

served with summons and complaint by serving its registered agent: Carlos Garcia, 1790 Hughes Landing Blvd, Suite 400, The Woodlands, Texas 77380-1691 or 3515 North Loop 336 E, Suite 110, Conroe, TX 77301.

### III.  FACTUAL ALLEGATIONS

7.  Defendant, A. S. ELECTRIC SERVICES CORP., employs or has employed employees covered by a collective bargaining agreement (CBA) whereunder Defendant is required to make contributions to Plaintiffs, and to make other contributions as set forth in the CBA, including payments for the pension, retirement, apprentice training, group medical benefits; and, Union dues. Defendant has been signatory to a CBA all material times.

8. As provided in the Funds' Agreements and Declarations of Trust, the individual Plaintiffs, as Trustees, are required to receive, hold, and manage all monies required to be contributed to the Funds, in accordance with the provisions of the then-applicable CBA for the uses and purposes set forth in the Agreements and Declarations of Trust governing the Funds. Defendant has also failed to pay Union dues to the Union, even though such dues has been deducted from its employees' wages.

9.  By virtue of the provisions contained in the applicable CBA, to which Defendant has been bound, Defendant did promise and become obligated to make contributions to all fringe benefit Funds contained in said agreement on behalf of its employees for each hour worked or for which wages were received by such employees and for the required Union dues.

10. Each employer bound by the CBA has agreed that a failure by an employer to make payments or contributions required to be made shall constitute a breach of CBA by such employer.

11. Defendant has violated the obligations of Defendant's part undertaken, in that Defendant has failed and refused and continues to fail and refuse to make the timely required monthly

3

fringe benefit contributions and Union dues, as required by the CBA, wherein the amount due and owing is at least $115,316.70, as well as interest due and owing on Defendant's delinquencies, for the months of January, February, March, April, May, June, July, August, September, and October 2017, wherein the total amount due and owing is unknown at this time.

12. By the above described omissions and breaches of agreement by Defendant, the Plaintiffs will be required to deny the employee-beneficiaries of such Funds, for which required contributions have not been made, the benefits provided hereunder, thereby causing to such employee-beneficiary substantial and irreparable damage. Plaintiffs would further state that as a direct result of Defendant's breach of the CBA, it has become necessary for Plaintiffs to retain the undersigned attorney and incur the expenses of this litigation.

13. Plaintiffs in their behalf and on behalf of all employees, for whose benefits the Funds have been established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

14. Plaintiffs are entitled to not only the unpaid contributions, but also interest, liquidated damages, attorneys' fees, costs, and other equitable relief pursuant to Section 502(g)(2) and Section 515 of ERISA (29 U.S.C. §§ 1132(g)(2) and 1145).

## IV. CONCLUSION

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations, on Defendant's part required to be performed under the CBA, and Agreements and Declarations of Trust, and is restrained from continuing to refuse to perform as hereunder required.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be every way expedited and upon such hearing to:

16. Order Defendant to pay to Plaintiffs all unpaid contributions, Union dues, and pre-judgment and post-judgment interest and liquidated damages, and whatever other amount is determined to be due and owing;

17. Order Defendant to pay all costs and attorney's fees;

18. Restrain and enjoin Defendant and all persons acting on its behalf from refusing to pay the Plaintiffs all monies due under the terms of the CBA; and,

19. Grant such further additional relief as may appear to the Court to be equitable and just.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL | /s/ Patrick M. Flynn |
| | Patrick M. Flynn |
| PATRICK M. FLYNN, PC. | Texas Bar No. 07199200 |
| 1225 North Loop West, Suite 1000 | 1225 North Loop West, Suite 1000 |
| Houston, Texas 77008-1775 | Houston, Texas 77008-1775 |
| 713/861-6163 | 713/861-6163 |
| 713/961-5566 fax | 713/961-5566 fax |
| | pat@pmfpc.com |
| | ATTORNEY IN CHARGE FOR PLAINTIFFS |